# Ballard Spahr LLP



1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas B Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

October 30, 2023

*By Electronic Filing*

Hon. Dale E. Ho
U.S. District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

**Defendants' deadline to answer, move, or otherwise respond to the Complaint is ADJOURNED, sine die, pending resolution of the issues presented in Defendants' letter. Plaintiff shall file a letter, not to exceed three pages, in response by November 3, 2023. So Ordered.**

*/s/ Dale E. Ho*

Dale E. Ho
United States District Judge
Dated: October 31, 2023
New York, New York

Re: <u>Marchante v. Reuters America LLC</u>, 23 Civ. 8864 (DEH) (S.D.N.Y.)

Dear Judge Ho:

      We represent Defendants Reuters America LLC and Reuters News & Media Inc. ("Defendants") in this matter. We write with two requests regarding Defendants' anticipated motion to dismiss. First, to allow us additional time to investigate and prepare Defendants' response, we write pursuant to Rule 2(e) of this Court's Individual Rules and Practices to request that the deadline for Defendants to answer or otherwise respond to the complaint, currently November 3, 2023, be extended to December 4, 2023. As explained in more detail below, after originally consenting to this request, Plaintiff's counsel informed us this afternoon that they would only consent to a one-week extension. Second, given pending related foreign litigation, we write to request a bifurcated motion schedule, discussed in greater detail below.

**<u>Extension of Time to Respond</u>**

      Defendants' counsel initially sought Plaintiff's consent to extension of time to answer or otherwise respond to the Complaint on October 20. On that date I informed Plaintiff's counsel that my firm had been newly engaged to represent Defendants, that our clients' answers or other responses to the complaint were currently due November 3, and to ask for Plaintiff's consent to request an extension of that deadline to December 4. That same day, Plaintiff's counsel James Bartolomei responded that "[a]s to your client's request for an extension, Plaintiff consents to December 4, 2023 to answer or respond." Counsel also proposed reciprocal extensions for Plaintiff's time to respond to a motion and a reply, to which I responded that I had a scheduling conflict for those proposed dates but would come back with alternative dates.

Hon. Dale E. Ho
October 30, 2023
Page 2

On October 26, Plaintiff's counsel followed up and asked if Defendants intended to answer or move to dismiss. On October 27, I e-mailed counsel informing them that Defendants did intend to file a motion to dismiss, and further stated that Defendants intended to move on, among other grounds, *forum non conveniens* and international comity, as the parties' underlying relationship was based in Spain and Spanish law applied to the contract governing that relationship. I also told them that there was a pending action concerning that contract in a Spanish court. As a courtesy, I provided copies of the Spanish court papers.

For the sake of efficiency, I proposed a bifurcated schedule on the motion, where the *forum non conveniens* and international comity issues would be briefed first, and, if that motion was denied, the parties could then brief the other issues. Furthermore, taking into account the scheduling issues previously raised by Mr. Bartolomei and myself, including winter holidays and an arbitration hearing I have scheduled in another matter, I proposed that Defendants' initial motion be due December 21, Plaintiff's opposition be due February 23, 2024, and Defendants' reply be due March 15, 2024.

The afternoon of October 30, 2023 Plaintiff's counsel Pamela Markert abruptly sent the following message withdrawing Plaintiff's earlier consent to the extension of Defendants' time to respond to the complaint: "Reuters' proposed 5 month extension to ask the court to dismiss the case, especially in light of what you shared with us for the very first time on October 27, 2023, is not acceptable. The defendants and the claims against them are in the United States. Reuters can answer the complaint or file a motion with all of its arguments on the current deadline of November 3, 2023. In the alternative, if your clients file a motion and are willing to give Plaintiff 28 days to respond to it, then Plaintiff will agree to giving defendants a 7 day extension, until November 10, 2023, with Plaintiff's response due December 8, 2023."

The discussion between Defendants' counsel and Plaintiffs' counsel regarding an extension for Defendants' time to respond to the complaint has always been in contemplation of an answer or any other response, including a motion of some kind. Indeed, Plaintiff's counsel's October 20 e-mail explicitly discussed a briefing schedule contemplating motion practice. It is inexplicable for counsel to therefore withdraw their consent because Defendants confirmed that they intended to move to dismiss Plaintiff's complaint. Defendants ask this Court to grant Defendants' extension request to allow Defendants' adequate time to brief these complicated issues.

Defendants have not previously sought an adjournment or extension of time. This request is not for purposes of delay. Indeed, the Complaint in this case was filed less than a month ago. The parties are next scheduled to appear before the Court on December 6, 2023 at 2 pm.

Hon. Dale E. Ho
October 30, 2023
Page 3

**<u>Bifurcated Motion Practice</u>**

As Defendants informed Plaintiff on October 27, Defendants propose a bifurcated motion schedule. Reuters News & Media Spain, S. L.U., an entity related to Defendants in this litigation, has separately filed a lawsuit in Spain regarding the Royalty Agreement that is attached as Exhibit 1 to the Complaint. *See* Dkt. 1, Ex. 1. It is Defendants' position that the issues surrounding that contract, which by Plaintiff's own pleading "requires application of Spanish law," are better decided in the Spanish court. Dkt. 1, ¶ 3, n. 4. For that reason, Defendants intend to move to dismiss on *forum non conveniens* grounds and to dismiss or stay this action based on principles of international comity.

If, and only if that motion was denied, Defendants would then move to dismiss the Complaint based on the issue that would otherwise be decided in the Spanish court, namely that the Royalty Agreement remains in effect, as well as any other traditional Rule 12(b)(6) grounds. Because this brief will necessarily involve potentially costly and complicated briefing on Spanish law, Defendants believe it is an efficient use of the Court's and the parties' resources to wait to take on these costs until the first potentially dispositive motion is decided.

Judges in this District have taken this approach in recent cases involving similar issues. *See Arcelormittal N. Am. Hldgs. LLC v. Essar Global Fund Ltd.*, No. 21 Civ. 6975 (KPF), Dkt. 21 (S.D.N.Y. Nov. 4, 2021) (granting defendant's request for bifurcated motion practice to allow defendant to first file motion on *forum non conveniens* and international comity grounds); *Wamai v. Indus. Bank of Korea*, No. 21 Civ. 325 (DLC), Dkt. No. 11 (S.D.N.Y. Mar. 2, 2021) (granting defendant's request to limit briefing to "the *forum non conveniens* issue, with the opportunity to file a subsequent motion to dismiss on other grounds should the motion to dismiss on *forum non conveniens* grounds be denied"). Copies of these orders are attached to this letter. Such a bifurcation procedure will facilitate a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

Accordingly, Defendants request that the Court extend Defendants' time to respond to the complaint to December 4, 2023, and grant Defendants' request for bifurcated motion practice such that Defendants first be permitted to file a motion on *forum non conveniens* and international comity grounds, with the opportunity to file a subsequent motion to dismiss on other grounds should the motion to dismiss on *forum non conveniens* grounds be denied.

Respectfully submitted,

*/s/ Thomas B. Sullivan*