UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL MARCHANTE,<br><br>                              Plaintiff(s),<br><br>v.<br><br>REUTERS AMERICA LLC, et al.,<br><br>                              Defendant(s). | 23-CV-8864 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On November 29, 2023, Defendants filed a letter motion seeking a stay of discovery during the pendency of their anticipated motion to dismiss. *See* Dkt. No. 42. On December 4, 2023, Defendants filed the motion to dismiss. *See* Dkt. No. 44. On December 5, 2023, Plaintiff filed a letter in opposition to the request for a stay. *See* Dkt. No. 48. The parties appeared for a conference on December 6, 2023.

For the reasons discussed at the conference, it is hereby **ORDERED** that Defendants' request for a stay of discovery pending resolution of their motion to dismiss is **GRANTED**. District courts enjoy "broad discretion to direct and manage the pre-trial discovery process." *Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017).[1] "A court determining whether to grant a stay of discovery pending a motion [to dismiss] must look to the particular circumstances and posture of each case." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.*

---

[1] In all quotations from cases, citations, footnotes, parenthesis, ellipses, brackets, and emphasis are omitted unless otherwise indicated.

As discussed at the December 6, 2023, conference, discovery in this case is likely "garden-variety," though it will involve some witnesses who reside outside the country. The scope and burden of discovery factors favor neither party. Although Defendants' motion to dismiss is not ripe for adjudication, the motion is dispositive and raises serious questions as to whether the doctrine of *forum non conveniens* applies. That doctrine goes to the forum in which the case is litigated and supports the issuance of a stay. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming district court's decision to stay discovery pending resolution of a motion to dismiss arguing forum non conveniens and finding discovery relevant to the motion was improper because allowing discovery "would defeat the purpose of the motion").

Finally, and of particular significance to the Court's decision, is the lack of prejudice to Plaintiff caused by a stay. Plaintiff's written and oral submissions do not establish that he would suffer any prejudice by waiting for a decision on Defendants' motion. Plaintiff's arguments regarding Defendants' alleged forum shopping fail because they are irrelevant to the impact, if any, of delaying discovery in this action.

The parties shall brief Defendants' motion to dismiss in accordance with the schedule issued November 8, 2023. All discovery is **STAYED** pending further order of the Court.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 42.

SO ORDERED.

Dated: December 7, 2023
New York, New York

DALE E. HO
United States District Judge