**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAFAEL MARCHANTE,

            Plaintiff,

      v.

REUTERS AMERICA LLC, and
REUTERS NEWS & MEDIA INC.,

            Defendants.

Case No. 1:23-cv-08864-DEH

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 850-6139
Fax: (212) 223-1942

Thomas B. Sullivan
Catherine Seibel

*Counsel for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .......................................................................................................................1

ARGUMENT ................................................................................................................................1

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BY REASON OF *FORUM NON CONVENIENS* ......................................................................................................1

        A.    Spanish Courts Can Adjudicate the "Subject Matter" of the Dispute at Issue ........1

        B.    Plaintiff's Other Forum-Related Arguments Are Equally Unavailing ....................4

II.    IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED OR STAYED BASED ON INTERNATIONAL COMITY .......................................................................5

III.   IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FREELANCER AGREEMENT IS STILL IN EFFECT ...........................................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Advantage Mgm't, Inc. v. Martinez*,
  1994 WL 482114 (S.D.N.Y. Sept. 7, 1994) ................................................................. 6

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
  671 F.3d 140 (2d Cir. 2011) ..................................................................................... 10

*Amimon Inc. v. Shenzhen Hollyland Tech. Co.*,
  2021 WL 5605258 (S.D.N.Y. Nov. 30, 2021) ........................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 9

*C.D.S., Inc. v. Zetler*,
  198 F. Supp. 3d 323 (S.D.N.Y. 2016) ............................................................... 5, 6, 8

*Cap. Currency Exch., N.V. v. Nat'l Westminster Bank PLC*,
  155 F.3d 603 (2d Cir. 1998) ...................................................................................... 2

*Corcovado Music Corp. v. Hollis Music, Inc.*,
  981 F.2d 679 (2d Cir. 1993) ................................................................................. 3, 4

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
  61 F.3d 696 (9th Cir. 1995) ...................................................................................... 2

*Crosstown Songs U.K. Ltd. v. Spirit Music Grp., Inc.*,
  513 F. Supp. 2d 13 (S.D.N.Y. 2007) ..................................................................... 2, 3

*DiRenzo v. Philip Servs. Corp.*,
  294 F.3d 21 (2d Cir. 2002) ........................................................................................ 5

*FRHUEB v. Abdala*,
  2022 WL 7150242 (S.D.N.Y. Sept. 30, 2022) .......................................................... 6

*Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*,
  2005 WL 13682 (S.D.N.Y. Jan. 3, 2005) .................................................................. 3

*Halo Creative & Design Ltd. v. Comptoir Des Indes, Inc.*,
  816 F.3d 1366 (Fed. Cir. 2016) ................................................................................. 3

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
  153 F.3d 82 (2d Cir. 1998) ........................................................................................ 8

*Jinjit, Ltd. v. Jovani Fashion, Ltd.*,
  2016 WL 11618504 (S.D.N.Y. Mar. 30, 2016) ......................................................... 9

*Jose Armando Bermudez & Co. v. Bermudez Int'l*,
   2000 WL 1225792 (S.D.N.Y. Aug. 29, 2000) ............................................................. 3

*Kingstown Cap. Mgm't, L.P. v. Vitek*,
   2022 WL 3970920 (2d Cir. Sept. 1, 2022) (summary order). ................................... 3

*Lockman Found. v. Evangelical All. Mission*,
   930 F.2d 764 (9th Cir. 1991) .................................................................................... 2

*McGraw-Hill Cos. v. Ingenium Techs. Corp.*,
   375 F. Supp. 2d 252 (S.D.N.Y. 2005) ...................................................................... 3

*Murray v. BBC*,
   81 F.3d 287 (2d Cir. 1996) .................................................................................... 2, 5

*Ole Media Mgm't, L.P. v. EMI April Music, Inc.*,
   2013 WL 2531277 (S.D.N.Y. June 10, 2013) ........................................................ 6, 7

*Overseas Media, Inc. v. Skvortsov*,
   441 F. Supp. 2d 610 (S.D.N.Y. 2006) ...................................................................... 3

*Paulo v. Agence France-Presse*,
   2023 WL 2873257 (S.D.N.Y. Jan. 9, 2023) .................................................. 2, 3, 4, 5

*Paulo v. Agence France-Presse*,
   2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) .......................................................... 2

*Photothera, Inc. v. Oron*,
   2009 WL 734282 (S.D. Cal. Mar. 19, 2009) ............................................................ 3

*PT United Can Co. v. Crown Cork & Seal Co.*,
   138 F.3d 65 (2d Cir. 1998) ....................................................................................... 1

*Soto v. Disney Severance Pay Plan*,
   26 F.4th 114 (2d Cir. 2022) .................................................................................... 10

*Tarazi v. Truehope Inc.*,
   958 F. Supp. 2d 428 (S.D.N.Y. 2013) ...................................................................... 7

*The Name LLC v. Arias*,
   2010 WL 4642456 (S.D.N.Y. Nov. 16, 2010) .......................................................... 3

*The Wave Studio, LLC v. Gen. Hotel Mgm't*,
   712 F. App'x 88 (2d Cir. 2018) ................................................................................ 2

*Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*,
   2015 WL 7078656 (S.D.N.Y. Nov. 13, 2015) .......................................................... 7

*Uddoh v. United Healthcare*,
    254 F. Supp. 3d 424 (E.D.N.Y. 2017) ..........................................................................10

*World Film Servs., Inc. v. RAI Radiotelevisione Italiana S.p.A.*,
    1999 WL 47206 (S.D.N.Y. Feb. 3, 1999).......................................................................3

**Other Authorities**

*Patry on Copyright* § 25:49 ................................................................................................4

Defendants,[1] by and through their undersigned counsel, hereby submit this Reply Memorandum of Law in support of their motion to dismiss the Complaint.

## INTRODUCTION

Though it advances a broad swath of arguments, Plaintiff's opposition ("Opp.") does *not* dispute the realities of this case, among them: (1) Plaintiff is a Spanish citizen living in Spain; (2) his infringement claims stem from a Freelancer Agreement he signed with Reuters' Spanish entity, which itself is governed by Spanish law; and (3) Spanish courts are readily equipped to address whether the Freelancer Agreement is still valid and whether there has been any copyright infringement. For those reasons and as discussed below, the Complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BY REASON OF *FORUM NON CONVENIENS*

As explained in Defendants' opening brief ("Mot.") (Dkt. 45), this action should be dismissed under the doctrine of *forum non conveniens* because Plaintiff's choice of this forum deserves little deference, Spain is an adequate alternate forum, and a balancing of the private and public interests favor adjudicating this case in Spain. Mot. at 6-14.

#### A. Spanish Courts Can Adjudicate the "Subject Matter" of the Dispute at Issue

Plaintiff primarily contends that dismissal is inappropriate "because the United States is the only appropriate jurisdiction for adjudicating U.S. copyright claims." Opp. (Dkt. 52) at 6; *see also id.* at 9, 10, 17, 20. This misunderstands the relevant law. "The availability of an adequate alternate forum does not depend on the existence of the identical cause[s] of action in the other forum." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998).

---

[1] All capitalized terms contain the same meanings as in Defendants' opening brief.

All that is necessary is that "the essential subject matter of the dispute can be adequately addressed." *Cap. Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 609-11 (2d Cir. 1998) ("forum non conveniens dismissal is not trumped simply because the foreign forum will apply different substantive law than an American court"). Plaintiff does not contest that Spanish courts can address copyright claims and determine the ongoing validity of the Freelancer Agreement. Indeed, the parties already agreed *ex ante* that Spain was an appropriate forum to handle disputes arising from the Freelancer Agreement.[2] Mot. at 10.

Courts in this Circuit and others have consistently dismissed American copyright claims where the foreign forum's law provides a remedy for copyright disputes. *See The Wave Studio, LLC v. Gen. Hotel Mgm't*, 712 F. App'x 88, 90 (2d Cir. 2018) (dismissing copyright claims where "as the mere existence of the Singapore Copyright Act illustrates, Singapore law includes copyright principles")[3]; *Murray v. BBC*, 81 F.3d 287, 292 (2d Cir. 1996) (United Kingdom was adequate forum for copyright claims); *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) (Singapore law was adequate remedy); *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (Japan was adequate forum); *Paulo v. Agence France-Presse*, 2023 WL 2707201, at *10 (S.D.N.Y. Mar. 30, 2023) (Portugal was adequate because it permitted litigation over the subject matter of copyright dispute)[4]; *Crosstown Songs*

---

[2] Plaintiff's repeated observation that Spain is not the *exclusive* forum for the dispute is not something Defendants in this action have ever claimed.

[3] Plaintiff's attempt to distinguish *Wave Studio* again misunderstands the question here—neither the district court nor the Second Circuit considered whether an infringement claim *under U.S. law* could be heard in Singapore, because that is not the correct legal standard for this analysis.

[4] Plaintiff's rejection of *Paulo* as instructive focuses on unimportant differences with the instant dispute. At its core, the report and recommendation underlying the court's decision found that "[a] Portuguese photographer who worked in Portugal and entered into an employment agreement that designated Portuguese law and a Portuguese court for resolution of all disputes with his employer including those involving his rights in the photographs while he took on

*U.K. Ltd. v. Spirit Music Grp., Inc.*, 513 F. Supp. 2d 13, 16 (S.D.N.Y. 2007) (UK was adequate forum for breach of contract and copyright infringement dispute); *Overseas Media, Inc. v. Skvortsov*, 441 F. Supp. 2d 610, 618 (S.D.N.Y. 2006) (Russia was adequate forum for copyright infringement claims), *aff'd*, 277 F. App'x 92 (2d Cir. 2008).

Plaintiff's cited cases are readily distinguishable.  In some cases, they involve only trademarks or patents, two types of intellectual property for which ownership rights must be separately established in each country, with courts relying on this extraterritoriality issue in denying the motion.[5]  Even in cases involving a copyright claim, none were brought by a foreign plaintiff based on a relationship centered abroad that required the interpretation of a license agreement under foreign law.[6]  Other cases involve American plaintiffs, with the court invoking the United States' "interest in protecting the intellectual property rights of its citizens."[7]  No such interests are in play here.  Others are simply not *forum non conveniens* cases.[8]

---

assignment in Portugal and around the world—but not in the United States—'surely cannot be surprised' that he must litigate claims concerning his ownership of his photographs in Portugal."  2023 WL 2873257, at *21 (S.D.N.Y. Jan. 9, 2023).  The same is true here.

[5] *The Name LLC v. Arias*, 2010 WL 4642456 (S.D.N.Y. Nov. 16, 2010); *Jose Armando Bermudez & Co. v. Bermudez Int'l*, 2000 WL 1225792 (S.D.N.Y. Aug. 29, 2000); *Photothera, Inc. v. Oron*, 2009 WL 734282 (S.D. Cal. Mar. 19, 2009); *Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*, 2005 WL 13682 (S.D.N.Y. Jan. 3, 2005).

[6] *Halo Creative & Design Ltd. v. Comptoir Des Indes, Inc.*, 816 F.3d 1366, 1367-68, 1372-73 (Fed. Cir. 2016); *Amimon Inc. v. Shenzhen Hollyland Tech. Co.*, 2021 WL 5605258, at *1 (S.D.N.Y. Nov. 30, 2021); *McGraw-Hill Cos. v. Ingenium Techs. Corp.*, 375 F. Supp. 2d 252, 254-56 (S.D.N.Y. 2005).  In *Halo*, the "only evidence of any connection to Canada in the record" was that defendants were based there.  816 F.3d at 1372. The parties in *McGraw-Hill* did have a pre-existing relationship, but plaintiff was based in New York, the parties met there repeatedly, and "[t]here were numerous other contacts with New York."  375 F. Supp. 2d at 254-55.

[7] *World Film Servs., Inc. v. RAI Radiotelevisione Italiana S.p.A.*, 1999 WL 47206, at *9 (S.D.N.Y. Feb. 3, 1999); *Greenlight*, 2005 WL 13682, at *6.

[8] For example, *Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679 (2d Cir. 1993) is a case involving enforcement of a forum selection clause in a contract.  Also, contrary to

3

### B. Plaintiff's Other Forum-Related Arguments Are Equally Unavailing

Plaintiff has also failed to otherwise show a *bona fide* connection between this forum and his claims, or that the public and private factors favor this forum. He cannot and does not dispute that (1) he is a Spanish citizen who lives in that country, (2) his infringement claims are based on the alleged termination of the Freelancer Agreement he signed with Reuters' Spanish affiliate, (3) the agreement itself is governed by Spanish law, (4) the April 2021 letter which he claims effected that termination was sent to Reuters' Spanish subsidiary, and (5) none of the alleged material breaches occurred in the United States.

Plaintiff further fails to show how private factors favor this Court. For one, Defendant's agreement to make documentary evidence accessible here in the spirit of cooperation, *see* Opp. at 17, does not change the fact that those documents can be accessed at least as easily in Spain. With respect to witnesses, while Plaintiff claims that witnesses relevant to the dispute are "all in New York" because they will "testify about U.S. infringement," Opp. at 17-18, he only identifies two such potential witnesses, one of whom is Reuters' in-house counsel and the other who does not actually live here.[9] Both parties have instead primarily identified potential witnesses in Spain or elsewhere in Europe, Valderrama Decl. (Dkt. 46) ¶¶ 9, 12; Opp. at 1, 4.[10] *See Paulo*, 2023 WL 2873257, at *18 (private factors favored dismissal even where some witnesses could

---

Plaintiff's contention that the case involved claims "between Brazilian parties," *see* Opp. at 8, all of the parties were actually citizens of New York, *see* 981 F.2d at 681. Similarly, while the Opposition cites Section 25:49 of *Patry on Copyright* for support, *see* Opp. at 13, that section concerns a choice of law analysis, not forum non conveniens.

[9] Rickey Rogers was in New York from 2015-16, when he was overseeing photographers in the Americas. He was then based in London until 2021. He now lives in Pittsburgh. Declaration of Anna Valderrama ("Valderrama Reply Decl.") ¶ 5.

[10] Contrary to the contentions in the Opposition, Soraya Kherfi, formerly based in London, moved to Spain in 2020. *See* Valderrama Reply Decl. ¶ 7.

4

be in New York, where important contacts were abroad). While Plaintiff contends the Spanish court could have difficulty compelling witness attendance, Opp. at 18-19, the case he cites notes that the existence of foreign witnesses weigh in favor of dismissal due to difficulties compelling testimony here. *See DiRenzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002); *see also Paulo*, 2023 WL 2873257, at *19. Plaintiff's claimed financial difficulties are only one factor in this analysis that are not dispositive. *See Murray*, 81 F.3d at 292.

As to the public factors, Plaintiff yet again ignores Spain's interest in this dispute, which concerns a Spanish citizen who entered a contract in Spain, governed by Spanish law, concerning rights of photographs taken mostly in Spain. Mot. at 13-14. Plaintiff does not and cannot rebut this. Finally, even if it is accurate that the Spanish litigation would proceed more slowly, that fact alone does not outweigh the strong tie that Spain has to this dispute.

Accordingly, this case should be dismissed on *forum non conveniens* grounds.

## II.  IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED OR STAYED BASED ON INTERNATIONAL COMITY

This Court should also decline to exercise jurisdiction over this case—at least on a temporary basis—to allow the Spanish courts to rule on the fundamental question of whether the Freelancer Agreement has been terminated. *See* Mem. at 14-20. The Opposition relies almost exclusively on *C.D.S., Inc. v. Zetler*, 198 F. Supp. 3d 323 (S.D.N.Y. 2016), *see* Opp. at 20-23, but that case's analysis, when applied to these facts, in fact supports abstention or a stay here.

***Similarity of Parties and Issues***. Plaintiff argues that the parties are not the same because "the two cases involve entirely different Reuters entities," Opp. at 21, but the parties need only be "substantially the same," not precisely the same, *see C.D.S.*, 198 F. Supp. 3d at 331. Affiliates of the same corporate parent are "substantially similar," Mot. at 16 (citing cases), a point Plaintiff does not contest.

Plaintiff also contends that the issues here not similar because it is "unlikely" that the Spanish action would "adjudicate [his] U.S. infringement claims." Opp. at 21. As discussed above, the relevant question is whether the Spanish court could adjudicate copyright claims, not ones under American law, and it certainly can.[11] *See supra* at 1-3.

More importantly, for comity to apply there is no requirement that a foreign proceeding involve each and portion of the American action, at least with respect to a stay, as opposed to dismissal. It is sufficient for the foreign court to be able to resolve "an underlying dispute" with *res judicata* effect even where an "additional issue" would then remain to be litigated before the American court. *Ole Media Mgm't, L.P. v. EMI April Music, Inc.*, 2013 WL 2531277, at *4 (S.D.N.Y. June 10, 2013); *see* Mot. at 16-18.[12] There is exactly this type of "underlying dispute" here. *See* Dkt. 41 at 1 (stating that the "threshold legal issue" is "whether Reuters materially breached the . . . Agreement"). Therefore, even if the Spanish court could not rule on the copyright claims, a stay is appropriate. *Contra C.D.S.*, 198 F. Supp. 3d at 332 (finding foreign case would not "affect adjudication of the central issues in dispute in th[e] matter").

***Judicial Economy.*** Plaintiff ignores judicial economy, conceding this point.

***Order of Filing.*** Plaintiff places heavy weight on his action being filed first, but this factor's importance "is lessened if the first-filed action has not reached a more advanced stage." *C.D.S.*, 198 F. Supp. 3d at 332 (cleaned up). Both cases are at their infancy.

---

[11] The fact that "the two parties have not yet asserted all of their respective claims in each action" does not create dissimilarity. *See Advantage Mgm't, Inc. v. Martinez*, 1994 WL 482114, at *2 (S.D.N.Y. Sept. 7, 1994).

[12] Plaintiff contends these cases can be distinguished because they do not involve copyright issues, *see* Opp. at 21 n.10, but does not attempt to explain why this distinction would matter. There is no special comity rule for intellectual property cases. *See FRHUEB v. Abdala*, 2022 WL 7150242, at *2-3 (S.D.N.Y. Sept. 30, 2022) (cited in Mem. at 17).

6

***Adequacy of the Alternate Forum.*** Plaintiff concentrates entirely on whether his U.S.-law copyright claim could be heard in Spain, but that is a red herring, for two reasons. ***First***, Spain is certainly an adequate forum for a Spanish law copyright claim. ***Second***, even if a copyright claim could not be brought, that would only counsel in favor of a stay. Plaintiff does not dispute that the Spanish court is able to address the termination issue. *See Ole Media Mgm't*, 2013 WL 2531277, at *4 (stay appropriate where "full and adequate relief is available in the Canadian courts as to the claims asserted therein," though other topics were not at issue in that case).

***Convenience and Prejudice***. Plaintiff argues that this forum is not inconvenient for Defendants, Opp. at 22, but unlike a *forum non conveniens* motion, that is not the test. Instead, a court is to look at the "relative convenience and potential prejudice to the parties." *Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*, 2015 WL 7078656, at *4 (S.D.N.Y. Nov. 13, 2015). Here, the underlying Freelancer Agreement "is the font from which all the disputes flow." *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 437 (S.D.N.Y. 2013). Thus, witnesses who can testify to the interpretation of that Freelancer Agreement, the alleged breach, and whether that agreement was terminated should receive the most weight. Those witnesses are not based here.

On prejudice, Plaintiff does not even address the clear prejudicial effect to both parties of litigating the two cases at once. *See* Mot. at 19. Instead, he argues he will personally be prejudiced based on speculation about future sales of his photographs by Reuters. *See* Opp. at 22. Notably, however, Plaintiff has not sought a preliminary injunction in this case, and waited nearly two years after his claims allegedly accrued to file this action. He also does not attempt to explain how any such injury would not be fully remediable as copyright damages in the future.

***Connection Between the Litigation and the United States/Foreign Forum.*** At its core, this case is about whether the Freelancer Agreement remains in effect. As the court held in

7

*Tarazi*, a case Plaintiff does not discuss or distinguish on this issue, where such a foundational document has a "close connection with the foreign forum and is to be interpreted according to the laws of the foreign forum, it is appropriate to defer to that forum." *See* Mot. at 20.  While Plaintiff cites *C.D.S.* again on this issue,[13] in that case (1) none of the parties were citizens of the foreign forum, and (2) the claims were not governed by the law of foreign forum.  *See* 198 F. Supp. 3d at 335.  Judge Marrero expressly distinguished *Tarazi* by noting that the judge in that case found that "the litigation had a strong connection to a foreign forum based on a licensing agreement, negotiated in, and executed in, and governed by the laws of the foreign jurisdiction." *Id.*  Unlike in *C.D.S.*, all of those same circumstances are present here.

This case should be dismissed or stayed on the basis of international comity.

### III.     IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FREELANCER AGREEMENT IS STILL IN EFFECT

This Court should also dismiss this action because, even if a breach occurred as Plaintiff alleges,[14] he did not purport to terminate the Freelancer Agreement because of that breach and the license therefore remains in effect.  *See* Mot. at 21-22.  In his Opposition, Plaintiff argues that this argument turns on a "factual dispute" and therefore cannot be decided on a motion to dismiss.  Opp. at 23.  It does not, and the issue is ripe for resolution.

As an initial matter, Plaintiff is wrong about the standard on a motion to dismiss.  While it is true that a defendant bears the burden of establishing the existence of a license on a motion to dismiss, where no one disputes that a license existed at one point, the plaintiff bears the

---

[13] Plaintiff also quotes *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998). *Itar-Tass* concerns choice of law in international copyright cases, not comity.

[14] Plaintiff spends much time in his Opposition arguing that a breach occurred, but, as he concedes, that is not what Defendants are challenging in this motion. *See* Opp. at 5.

8

burden of pleading that that license has terminated. *See Jinjit, Ltd. v. Jovani Fashion, Ltd.*, 2016 WL 11618504, at *6-8 (S.D.N.Y. Mar. 30, 2016) (dismissing copyright claim due to plaintiff's failure to adequately allege breach, recession, termination or reasonable notice of termination). Here, there is no question that a license once existed, *see* Compl. (Dkt. 1) ¶ 31, and it is clear from the face of the Complaint that Plaintiff did not meet the requirements to terminate it.

Spanish law requires a party seeking to terminate a contract based on a material breach to cite that breach as the reason for termination. *See* Declaration of Juan Jose Marin Lopez ("Lopez Decl.") ¶ 13.[15] Plaintiff does not dispute this. Indeed, his expert states that photo licensors "have the right under Spanish law to terminate an exclusive license agreement if a licensee (such as Reuters) breaches material and essential terms of the agreement, even if the licensee has already exploited the photos, ***so long as the licensor (such as Mr. Marchante) gives the licensee sufficient description of the breaches***." Ramos Decl. (Dkt. 55) ¶ 20 (emphasis added). That requirement was not met here. *See* Lopez Decl. ¶ 14. The April 30, 2021 letter indisputably did not describe any breach. *See* Mot. at 21-22; Seibel Decl., Ex. A (Dkt. 47-1). Indeed, as Plaintiff admits, the alleged breaches were "not known to him at the time." Opp. at 24.[16]

While Plaintiff contends that Defendants' focus on April 2021 is "myopic[]," Opp. at 5, he expressly alleges that is when he terminated the Freelancer Agreement, *see, e.g.*, Compl. ¶¶ 3, 39, 61, 62; *see also* Opp. at 23 (contending that license was terminated in 2021). All of his later communications with Reuters are pleaded as "remind[ers]" that the Freelancer Agreement "was terminated" in April 2021—not new attempts to terminate. *See* Mot. at 22-23. To the extent

---

[15] This declaration may be considered on reply. *See Kingstown Cap. Mgm't, L.P. v. Vitek*, 2022 WL 3970920, at *1 (2d Cir. Sept. 1, 2022) (summary order).

[16] To the extent Plaintiff alleges simply that the agreement was terminated, that legal conclusion receives no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

9

Plaintiff now claims otherwise, a plaintiff cannot interpose "new allegations that contradict the allegations in their pleading" in opposing a motion to dismiss. *Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017). Moreover, the actual documents confirm that these were not new attempts to terminate but rather repeated assertions that the Freelancer Agreement had already been terminated in April 2021. *See* Marchante Decl., Ex. C (Dkt. 53-3). This correspondence controls over contrary claims about its contents. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011).

On a motion to dismiss, a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inference in the plaintiff's favor," but "must dismiss a claim if a plaintiff pleads himself out of court by alleging facts which show that he has no claim." *Soto v. Disney Severance Pay Plan*, 26 F.4th 114, 120 (2d Cir. 2022) (cleaned up). Plaintiff has done so here, and his claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons and those in their opening brief, Defendants respectfully request that the Court dismiss or stay this case and grant such other relief as this Court deems appropriate.

Dated:  January 19, 2024                    Respectfully submitted,

**BALLARD SPAHR LLP**

By: */s/ Thomas B. Sullivan*
    Thomas B. Sullivan
    Catherine Seibel
1675 Broadway, 19th Floor
New York, NY 10019
Tel.:  (212) 850-6139
Fax:  (212) 223-1942
sullivant@ballardspahr.com
seibelc@ballardspahr.com

*Counsel for Defendants*