UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL MARCHANTE,

               Plaintiff,

      v.

REUTERS AMERICA LLC, and
REUTERS NEWS & MEDIA INC.,

               Defendants.

Case No. 1:23-cv-08864-DEH

## DECLARATION OF JUAN JOSÉ MARÍN LÓPEZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Juan José Marín López, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.    I am over the age of 18. I am not a party to this action.

2.    I submit this declaration in support of Defendants Reuters America LLC and Reuters News & Media Inc. opposition to the lawsuit submitted by Plaintiff Rafael Marchante, based on my personal knowledge, experience, training and education, and review of the Freelance Photographers Royalty Agreement dated 11.07.05, the Settlement Agreement dated 26.03.21, the letter of pretended contractual termination dated 30.04.21, and official legal databases available to me in Spain.

3.    If called to testify in this case, I agree o make myself available for deposition and trial in New York or to answer any questions posed by the Court in assisting the Court.

4.    I am Professor ("Catedrático") in Civil Law at the University of Castilla La Mancha since 2000; Professor in Master of Intellectual and Industrial Property and New

Technologies at the Autonomous University of Madrid since 2005; and Professor in Master of Intellectual and Industrial Property and Information Society at Esade Barcelona since 2014.

5. I was judge at the Provincial High Court of Toledo from 1991 to 1998.

6. I am consultant to the World Intellectual Property Organization since 2003.

7. I was head of the IP and New Technologies Department at Gómez Acebo & Pombo from 2008 to 2013; and I am partner at Juan José Marín & Asociados since 2013.

8. I am Member of the Press Editorial of the magazine "Derecho Privado y Constitución" since 1993; magazine "Aranzadi Civil" since 1993; magazine "Revue Européene de Droit de la Consomnation" since 1995; magazine "Revista de Propiedad Intelectual" since 1999; magazine "La Notaría" since 2010; and magazine "Actas de Derecho Industrial y Derecho de Autor" since 2011.

9. I am author of several publications.

10. I am fluent in English and Spanish.

11. Article 1124 of the Spanish Civil Code establishes that a party may terminate the contract in case there is an essential or material breach, which requires that the party who wishes to terminate has not breached its own obligations; and the breach is essential in the way that the purpose of the agreement and the will of the parties is frustrated.

12. The termination of a contract based on a breach is not automatic when the breach happens, and it is not a binding effect for the non-breaching party. Article 1124 gives such party the right to choose between terminating the contract or requesting its fulfilling.

13. As per that, the terminating party must be aware of the breach and must cite the breach as the reason for the termination. If that is not performed, there is no effective exercise of the right to termination due to breach. This is a formal requirement, because termination is not

automatic but depends on a formal notification informing on the decision to terminate due to breach.

14. In this case, I consider that the letter dated 30.04.21 sent by Mr Marchante can not be considered as an exercise of the right of termination, because he did not indicate any breach by Reuters.

15. Additionally, according to the information I have, I consider that there is no material breach by Reuters with the required characteristics to terminate the contract, because there is just a partial payment and a delay on the payment of the pending part. Royalties were always paid, but partially, and they have been paid recently or at least Reuters has tried to pay that pending part.

16. That situation does not frustrate in a definitive and irreversible way the purpose of the contract because the payment was partial and the delayed payment may be done later than the corresponding date adding legal interests, which would suppose no damage for Mr Marchante rights and patrimony.

17. Finally, such letter can not also be considered as an exercise of the right to revocation of authors established in article 22 of Directive UE 2019/790, because the author may revoke a license or assignment of rights on an author work only when the assignee is not using the exploitation rights, and in this case Reuters was clearly using the exploitation rights.

18. Moreover, article 22 was effective into Spanish law via Real Decreto-Ley 24/2021, which modified the Intellectual Property Law. Such modification consisted of adding an article 48 bis in the law, and such article came into force in 14.11.21. As Mr Marchante sent his letter in 30.04.21, it is obvious that the right to revocation of article 48 bis did not exist at that moment, so it can not be interpreted that he exercised such right via such letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January, 19, 2023.

_____
Juan José Marín López